Case Number: CACE-21-000862 Division: 12
Filing # 119588202 E-Filed 01/13/2021 05:16:19 PM

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

CRESLY DURAN, *individually and on behalf of all others similarly situated*

**Plaintiff,**

v.

CREDIT CORP SOLUTIONS INC.,

**Defendant.**
_____/

**CIVIL ACTION SUMMONS**

ABP# MCN #14
DATE 1/20/21 TIME 9:52
Name _____ Badge/ID# ____
*** scan back executed ***

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

CREDIT CORP SOLUTIONS INC
c/o CORPORATION SERVICE COMPANY
1201 HAYS ST
TALLAHASSEE, FL 32301

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: JAN 14 2021

Brenda D. Forman, Clerk of the Court

By: _____
As Deputy Clerk
BRENDA D. FORMAN

PAGE | 1 of 2

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/13/2021 05:16:17 PM.****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

Filing # 119588202 E-Filed 01/13/2021 05:16:19 PM

# FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>Cresly Duran</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Credit Corp Solutions Inc.</u>
Defendant

## II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001 - $50,000
- ☐ $50,001 - $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

## III.   TYPE OF CASE   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☒ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III     Fla. Bar # 118377
    Attorney or party                          (Bar # if attorney)

Thomas John Patti III         01/13/2021
(type or print name)            Date

Filing # 119588202 E-Filed 01/13/2021 05:16:19 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE-21-000862 (12)

CRESLY DURAN,
*individually and on behalf of all others
similarly situated,*

   Plaintiff,

vs.

CREDIT CORP SOLUTIONS INC.,

   Defendant.

_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Cresly Duran ("Plaintiff") brings this class action against Defendant Credit Corp Solutions Inc. ("Defendant") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION, VENUE, AND STANDING

1. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

2. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

3. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

PAGE | 1 of 10

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.      Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTS

5.      This action involves the debt arising from a transaction between Synchrony Bank, the original creditor, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

6.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

7.      Defendant is a business entity engaged in the business of collecting consumer debts.

8.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

10.     Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9902738.

11.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

12.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

13.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA.

14.     Plaintiff is a "consumer" within the meaning of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant is a "debt collector" as defined by the FDCPA and FCCPA.

16. On a date better known by Defendant, it began attempting to collect the Consumer Debt from Plaintiff.

17. On January 4, 2021, Defendant sent Plaintiff an e-mail in an attempt to collect the Consumer debt. Attached as Exhibit "A" is said e-mail (the "Collection E-mail").

18. In the Collection E-mail, Defendant never disclosed that the Collection E-mail is a communication from a Debt Collector.

19. In the Collection E-mail, Defendant never disclosed that Defendant is a Debt Collector.

20. Defendant engaged in activity constituting "any action to collect [a] debt" by sending the Collection E-mail to Plaintiff. *See* Fla. Stat. § 559.715.

21. The Collection E-mail is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22. The Collection E-mail was required to comply with, among other things, the disclosure requirements of 15 U.S.C. § 1692e(11) ("The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector,...").

23. The Collection E-mail does not comply with the disclosure requirements of 15 U.S.C. § 1692e(11).

24. Defendant knew that its debt collector efforts that targeted Florida consumers needed to comply with the FDCPA for Defendant's Consumer Collection Agency license (CCA9902738) to remain valid.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of two classes (collectively, the "Classes"), the "FDCPA Class" and the "FCCPA Class."

26. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received an e-mail attempting to collect a debt (3) from Defendant (4) wherein Defendant did not state that it (Defendant) was a debt collector, that Defendant attempting to collect a debt and that any information obtained could be used for that purpose (5) during the twelve [12] months preceding the filing of this Complaint.

27. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received an e-mail attempting to collect a debt (3) from Defendant (4) wherein Defendant did not state that it (Defendant) was a debt collector, that Defendant attempting to collect a debt and that any information obtained could be used for that purpose (5) during the twenty-four [24] months preceding the filing of this Complaint.

28. Defendant and its employees or agents are excluded from the Class.

29. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

30. Upon information and belief, Defendant has sent thousands of debt collection e-mails to thousands of consumers throughout the United States without disclosing, *among other things*, that Defendant is a debt collector, that said e-mail was an attempt to collect a debt, and that any information could be used for that purpose. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

32. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] Whether Defendant sent an e-mail to Plaintiff and members of the Classes in an attempt to collect a debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends debt collection e-mails to consumers without including the necessary disclosure therein is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

PAGE | 5 of 10

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### TYPICALITY

34. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each members of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

PAGE | 6 of 10

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(11)
*Individually and on behalf of the FDCPA Class*

38. Plaintiff incorporates by reference paragraphs 5-37 as though fully set forth herein.

39. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector...." *See* 15 U.S.C. § 1692e(11).

40. As stated above, Defendant sent the Collection E-mail to Plaintiff in an attempt to collect the Consumer Debt. Notwithstanding whether the Collection E-mail was Defendant's initial communication with Plaintiff, nowhere in the Collection E-mail does Defendant state that it (Defendant) is a debt collector, nor does the Collection E-mail state that it (the Collection E-mail) is a communication from a debt collector.

41. Accordingly, Defendant violated § 1692e(11) of the FDCPA in two ways: (1) by failing to state that it (Defendant) was a debt collector in the Collection E-mail; and (2) by failing to state in the Collection E-mail that it (the Collection E-mail) was a communication from a debt collector.

42. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff, individually and on behalf of the FDCPA Class, and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. § 1692k;

(b)   Costs and attorneys' fees, as provided by 15 U.S.C. § 1692k; and

(c)   Such other or further relief as the Court deems proper.

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)
*Individually and on behalf of the FCCPA Class*

43.   Plaintiff incorporates by reference paragraphs 5-37 as though fully set forth herein.

44.   Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

45.   The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

46.   Defendant, as a holder of a Florida Consumer Collection Agency license, *knew* that to lawfully collect a consumer debt from a Florida consumer, Defendant was required to comply with the FDCPA.

47.   As stated above, by failing to state that it (Defendant) was a debt collector in the Collection E-mail; and by failing to state in the Collection E-mail that it (the Collection E-mail) was a communication from a debt collector. Defendant asserted that it (Defendant) had the legal right to attempt to collect the Consumer Debt without disclosing the aforementioned.

48.   Further, Defendant knew the Collection E-mail sent to Plaintiff violated the FDCPA. As set forth in *Count I*, Defendant violated the FDCPA and, as a result, Defendant could not lawfully collect consumer debts from Florida consumers in the manner in which it was

conducting itself, *i.e.*, by sending debt collection e-mails to consumers without disclosing, among other things that Defendant was a debt collector, that Defendant was attempting to collect a debt and that any information obtained could be used for that purpose.

49. Accordingly, by and through the **Collection E-mail**, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

50. WHEREFORE, Plaintiff, requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    (a) Statutory damages, as provided under Fla. Stat. § 559.77(2);

    (b) Costs and attorneys' fees, as provided by Fla. Stat. §559.77(2);

    (c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff and members of the FCCPA Class that violate the FCCPA; and

    (d) Such other or further relief as the Court deems proper.

## DOCUMENT PRESERVATION DEMAND

51. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the e-mail messages as alleged herein.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

PAGE | 9 of 10

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: January 13, 2021

                                    Respectfully Submitted,

                                    /s/ Jibrael S. Hindi
                                  **JIBRAEL S. HINDI, ESQ.**
                                  Florida Bar No.: 118259
                                  E-mail:    jibrael@jibraellaw.com
                                  **THOMAS J. PATTI, ESQ.**
                                  Florida Bar No.: 118377
                                  E-mail:    tom@jibraellaw.com
                                  The Law Offices of Jibrael S. Hindi
                                  110 SE 6th Street, Suite 1744
                                  Fort Lauderdale, Florida 33301
                                  Phone:    954-907-1136
                                  Fax:       855-529-9540

                                  *COUNSEL FOR PLAINTIFF*

PAGE | **10 of 10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.jibraellaw.com

EXHIBIT "A"

 Gmail

**Cresly Duran- 30429375**

Mon, Jan 4, 2021 at 1:51 PM

Hello,

Cresley Duran now has an outstanding balance of $1,327.21. We are seeking a resolution at a minimum settlement of 65% at $862.69 in ongoing payment terms or 60% at $796.33 in a single lump sum to settle the outstanding account. I am hoping we can reach an amicable agreement between our companies.

Thank You,

Lorena Candia
Customer Relationship Manager

 Credit Corp Solutions

Ext 2727  D (213) 833 2727
W www.creditcorponline.com  A Level 2, 121 Election Road, Draper, Utah, 84020, United States

Credit Corp Solutions Inc.

STATEMENT OF CONFIDENTIALITY
The information contained in this electronic message and any attachments are protected by the Electronic Communications Privacy Act (18 USC ◆◆ 2510-2521). The information is intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. No representation is made on the accuracy or completeness of the information contained in this electronic message. Certain assumptions may have been made in the preparation of this material as at this date, and are subject to change without notice. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. Please reply to the sender and destroy all copies of this message and any attachments from your system